UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AJAYPAL SINGH
(A-Number: 226-021-775),

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of
the California City Detention Facility, et al.,

Respondents.

No.  1:26-cv-04468-KES-SAB (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS IN PART AND
REQUIRING BOND HEARING WITHIN
TEN DAYS

Doc. 1

Petitioner Ajaypal Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 4.  Respondents do not identify any distinctions or raise any new arguments with respect to the main issue evaluated in the Court's prior cases—that re-detaining without a bond hearing a noncitizen who has previously been

1

released violates the Due Process Clause. *See* Doc. 6.

Respondents argue, however, that the Court should order a post-deprivation bond hearing, rather than immediate release subject to a pre-deprivation bond hearing, because petitioner was arrested for driving under the influence on May 12, 2026. *See* Doc. 6 at 1–4. An arrest alone is not evidence that petitioner committed a crime. *See Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit."); *Pena Becerra v. Sparks*, No. 2:26-CV-00212-JNP-DBP, 2026 WL 915439, at *4 (D. Utah Apr. 3, 2026) ("An arrest in no way proves that Petitioner violated any law or committed any crime; it only signals that he may be charged with doing so."); *see also Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1004–05 (N.D. Cal. 2018) ("The IJ's decision violated due process [because he] concluded Ms. Ortega is a danger to the community solely because she was *arrested* for possession for sale of a controlled substance."). But the facts underlying that arrest may be relevant to the determination of whether petitioner is entitled to release on bond. The Court finds that prompt post-deprivation process is sufficient in these circumstances.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED in part, for the reasons addressed in those prior orders and above.

Respondents are ORDERED to provide petitioner Ajaypal Singh (A-Number: 226-021-775) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him and his counsel with 48 hours' written notice before the bond hearing. Petitioner

shall be allowed to have counsel present at the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   June 18, 2026

_____
UNITED STATES DISTRICT JUDGE